This is a suit for compensation. The plaintiff alleged he was injured in an accident arising out of and in the course and scope of his employment and that his injuries have totally and permanently disabled him from performing any work of a reasonable character.
Defendants admit the accident as alleged by plaintiff but deny it caused him any disability and allege it was of a trivial nature.
The lower court awarded plaintiff judgment as prayed for and defendants are prosecuting this appeal.
The case consumed two days' time in the trial below and a reading of the entire testimony, both by experts and lay witnesses for plaintiff and defendants, convinces us of the correctness of the decision of the lower court. The testimony as a whole is so overwhelmingly in favor of plaintiff's contention until we wonder why an appeal was perfected in the case. However, there is no answer to the appeal and no prayer for damages for frivolous appeal.
Plaintiff and other employees of defendant Thermatomic Carbon Company, Inc., were installing a large valve and plaintiff was standing on a heating part pulling on the end of a large Stillson wrench. The wrench slipped and struck him in the right side, just below the ribs with such force as to cause a rupture of the right kidney. He continued to work in severe pain for eight or nine days after receiving first aid, which consisted of taping his side, when he was forced to cease his work. Plaintiff has not worked since and at the time of trial below was still passing blood in his urine. Numerous doctors testified for plaintiff as well as for defendants and only one of them was willing to say he had fully recovered from his kidney injury and was capable of doing a day's work. Some of the physicians who testified for defendants thought he might try to do light work but were not willing to say he had fully recovered or that he could do a day's work without pain. The majority of the doctors were of the opinion plaintiff should not try to work in his present condition.
Plaintiff had worked for the same Company for thirteen or fourteen years and was a good worker. After the accident he refused to quit his work although it was suggested by his foreman. He continued to work as long as it was physically possible for him to do so. The evidence makes it clear that plaintiff received a severe injury which disabled him and that he had not recovered from his injury at the time of trial below. No medical men were willing to venture a guess as to how long a period his disability would continue.
The judgment of the lower court is correct and is affirmed, with costs. *Page 24